UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

|  |  |
|---|---|
| JERRY D. RILEY, | ) |
| Plaintiff, | ) Civil Action No. 7:11-cv-71-JMH |
| v. | ) |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Plaintiff's Motion to Remand his claim to the Social Security Administration or, in the alternative, to allow him an additional twenty days to file an appeal on the merits of his claim. [DE 10]. The Commissioner has filed a Response, [DE 11], and this matter is now ripe for decision. For the following reasons, Plaintiff's Motion will be denied in part and granted in part.

I.  **PROCEDURAL HISTORY**

The events leading up to Plaintiff's Motion to Remand comprise a tortured history, to say the least. Plaintiff Jerry D. Riley filed his first application for Supplemental Security Insurance ("SSI") benefits on October 17, 1994, alleging an onset of disability of September 28, 1994. Eventually, he was awarded benefits based on that application. The Social Security

Administration reviewed Plaintiff's case three years later and determined that he was no longer disabled. The Appeals Council denied Plaintiff's request for review and the unfavorable determination became the final decision of the Commissioner. Plaintiff did not seek judicial review of the decision.

On March 19, 2003, Plaintiff filed a second application for SSI benefits, alleging an onset of disability of October 17, 1994. Plaintiff's claim was denied initially and upon reconsideration. Following multiple hearings, ALJ Gitlow issued an unfavorable decision on January 7, 2005. The Appeals Council denied Plaintiff's request for review. Plaintiff appealed to the United States District Court for the Eastern District of Kentucky and the matter was remanded to the Appeals Council. Upon remand, the Appeals Council vacated the decision and remanded the case to the ALJ on September 26, 2006. At that point, a new hearing was held, which resulted in an unfavorable decision by ALJ Andrew Chwalibog.[1] Plaintiff sought another review by the Appeals Council, which again remanded the claim to ALJ Chwalibog on January 2, 2008.[2] An additional hearing was held and, on March 23, 2009, ALJ Chwalibog

---

[1] On April 12, 2005, while Plaintiff's second application was pending, Plaintiff filed a third application, which the ALJ consolidated with the second.

[2] The parties agree that while ALJ Chwalibog's March 2009 opinion mistakenly reports that the matter was remanded by the United States District Court, it was actually remanded by the Appeals Council. *See* Administrative Record 566; DE 11, p. 4; DE 10, p. 3.

issued another unfavorable decision.  The Appeals Council denied review.  Thus, the decision involving Plaintiff's consolidated second and third applications for SSI is ripe for review, pursuant to 42 U.S.C. § 1383(c)(3).

Plaintiff argues that remand of his claim is warranted because the Commissioner's decision is "premised on a fatally incomplete record and inaccurate past history."  Specifically, Plaintiff argues that the Administrative Record is incomplete because it does not contain, nor did ALJ Chwalibog consider, two hearing transcripts associated with his previous SSI application and the 2008 Appeals Council remand order.  Plaintiff contends that the absence of these documents, along with the ALJ's misstatement regarding the source of the January 2008 remand, constitutes a basis from which to conclude that the Commissioner's decision was not based on substantial evidence.  Alternatively, Plaintiff argues that his case should be remanded based on sentence six of 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo,* nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's findings is limited to an inquiry into whether the ALJ's findings were supported by

3

substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter,* 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health & Human Servs.,* 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip,* 25 F.3d at 286.

## III. DISCUSSION

Plaintiff has failed to provide facts or case law suggesting that ALJ Chwalibog should have considered the hearing transcripts at issue or that his alleged failure to do so prejudiced Plaintiff in any way. Further, Plaintiff has failed to establish that he was prejudiced by the absence in the Administrative Record of the 2008 Appeals Council remand order. As the party seeking remand, Plaintiff bears the burden of showing that it is proper. *See Sizemore v. Sec'y of Health & Human Servs.,* 865 F.2d 709, 711 (6th Cir. 1998). For the following reasons, Plaintiff has failed to meet that burden.

First, Plaintiff contends that a 1996 hearing transcript, taken from his initial, successful SSI application, should have been considered in adjudicating his later applications. He argues that the hearing transcript is important with respect to his current application because the initial ALJ found him to be

4

credible and determined that he was disabled. Plaintiff has not explained, however, how the hearing transcript is relevant to his current claim. Moreover, it is difficult to discern how one ALJ's credibility determination would have a significant effect on another ALJ's findings over thirteen years later. ALJ Chwalibog was equipped to make his own credibility determination based upon the medical evidence and Plaintiff's testimony during the hearings that ALJ Chwalibog himself conducted. Plaintiff also contends that this matter should be remanded based on the absence of the transcript from a 2001 hearing, which was associated with the cessation of Plaintiff's previous SSI benefits. Again, Plaintiff has failed to establish that the hearing's content is relevant to his current application. In fact, in his memorandum in support of his Motion to Remand, Plaintiff does not discuss the content of the hearing. Rather, he points out that he was not represented by council and suggests that, perhaps, his mental capacity was deficient at the time. [Plaintiff's Memo p. 3].

This Court's review is limited to determining whether the Commissioner's decision was based upon substantial evidence and whether he followed the proper legal standards in making his decision. *See Foster,* 279 F.3d at 353; *Landsaw,* 803 F.2d at 213. Plaintiff has failed to establish that the Commissioner erred in

failing to consider the 2001 hearing transcript.[3] Plaintiff also argues that the record is incomplete due to the absence of the Appeals Council remand order dated January 1, 2008. He states that ALJ Chwalibog's 2009 opinion "disregards the directives" set out in the remand order, but fails to elaborate on this claim. Despite Plaintiff's contention, ALJ Chwalibog's opinion indicates that he considered and followed the directives issued by the Appeals Council. *See* Administrative Record ("AR") 566.

In his opinion, ALJ Chwalibog briefly addressed the issue of reopening Plaintiff's prior SSI application. *See* AR 564. Because Plaintiff alleged a 1994 onset of disability in each of his SSI applications, ALJ Chwalibog construed Plaintiff's second and third applications as alleging reopening of the first. *Id*. ALJ Chwalibog determined that the cessation of benefits decision, issued in 2001, was administratively final and could not be reopened.

The Social Security Administration reopens final determinations under very limited circumstances, including good cause, if found within four years of the Commissioner's final decision. *See* 20 C.F.R. § 404.988. This Court has limited

---

[3] Plaintiff relies upon a Social Security Administration Acquiescence Ruling that applies only to cases in which the claimant resides in Maryland, North Carolina, South Carolina, Virginia or West Virginia. Even if the Ruling were applied to Plaintiff's case, however, it would not benefit him since he has not presented a prima facie case of mental incompetence. SSAR 90-4(4), 55 Fed. Reg. 28943-02 (July 16, 1990).

jurisdiction to review the Secretary's decision to refuse to reopen an application. *See Wallace v. Weinberger,* 528 F.2d 700, 704 (6th Cir. 1976)(citing *Maddox v. Richardson,* 464 F.2d 617 (6th Cir. 1972); Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* In order to review such a decision, we must find that a plaintiff has established a colorable constitutional claim. *Cottrell v. Sullivan,* 987 F.2d 342, 345 (6th Cir. 1992). Absent such a claim, a federal court has no jurisdiction to review the Commissioner's decision not to reopen. *Id.* While Plaintiff, who is now represented by counsel, hints that he may have lacked the mental capacity to file an appeal from the initial denial of his benefits, he makes no argument that the Commissioner somehow deprived him of due process or any other constitutional right. Accordingly, this Court lacks jurisdiction to review the Commissioner's decision against reopening Plaintiff's earlier applications.

Finally, Plaintiff's motion to remand pursuant to sentence six of 42 U.S.C. § 405(g) is without merit. Before a district court may remand a case for the taking of additional evidence, the moving party must show that the evidence at issue is both new and material and that there is good cause for the failure to incorporate the evidence into the record at an earlier time. *See* 42 U.S.C. § 405(g). Plaintiff has failed entirely to develop an argument with respect to his request for a sentence six remand. Regardless, the Court notes that Plaintiff has failed to establish that the missing

7

evidence is material to the adjudication of his current application for SSI benefits.

Accordingly, **IT IS ORDERED:**

1)  Plaintiff's Motion to Remand [DE 10] is **DENIED;** and

2)  Plaintiff shall file, within **twenty (20) days**, its Motion for Summary Judgment and supporting Memorandum.  The parties' briefing schedule shall, thereafter, be in conformity with the Court's Standing Scheduling Order.  General Order 09-13 [DE 9].

This the 19th day of January, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge