UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

| | |
|---|---|
| JERRY D. RILEY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:11-CV-71-JMH |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY | ) |
| | ) |
| Defendant. | ) |

**       **       **       **       **

This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of his application for Supplemental Security Income ("SSI"). [DE 15, 16].[1]  The Court, having reviewed the record and being otherwise sufficiently advised, will grant the defendant's motion and deny the plaintiff's motion.

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

The tortured procedural history of this case was detailed in the Court's Memorandum Opinion of January 19, 2012 and, thus, only a brief recitation is necessary here.  Plaintiff Jerry D. Riley ("Plaintiff" or "Riley") filed for SSI benefits on October 17, 1994, alleging an onset of disability of September 28, 1994.  He was eventually awarded benefits based on that application.  Three

---

[1]   These are not traditional Rule 56 motions for summary judgment.  Rather, this is a procedural device by which the parties bring the administrative record before the Court.

years later, the Social Security Administration ("SSA") determined that Riley was no longer disabled.  In 2001, that determination became the final decision of the Commissioner and Riley did not seek judicial review.

On March 19, 2003, Riley filed a second application for SSI, alleging that he became disabled on October 17, 1994, due to the following problems:  anxiety; low back pain; headaches; arthritis; "nerves"; and ulcers.  [Administrative Record, hereinafter "A.R." at 435, 840].  In January, 2005, Administrative Law Judge ("ALJ") William Gitlow issued an unfavorable decision in Plaintiff's case, which Plaintiff appealed to the SSA Appeals Council and the United States District Court for the Eastern District of Kentucky.[2] Plaintiff's case was remanded for rehearing.  ALJ Andrew Chwalibog took up Plaintiff's case and issued an adverse ruling on March 23, 2009.  Since that most recent denial of Plaintiff's application, Plaintiff has timely pursued and exhausted his administrative remedies, thus, this matter is ripe for review and properly before this Court under the Social Security Act, 42 U.S.C. §§ 1383(c)(3), 405(g).

Plaintiff was forty-four-years-old at the time of ALJ Chwalibog's most recent decision.  [*See* AR 426, 578].  He has a ninth-grade education and obtained his GED in 1991.  [AR 999-1000].

---

[2]  On April 12, 2005, while his second application for SSI was pending, Plaintiff filed a third application, which was consolidated with the second.

2

He engaged in past work as a truck driver but reports that he quit in October of 1994 because he could not handle the vibrations and rattling of the truck. He added that his "nerves can't handle the traffic on the road." [AR 840]. Plaintiff reported having been treated by three different physicians. [AR 1032-1033]. He reported that he was seen by a Dr. Ackers once or twice a week for six months and that he received physical therapy during these treatments. He reported having seen Dr. Cherie Dickerson once a month for approximately two years for his problems with anxiety and depression. [AR 1032, 1034]. He also reported having been treated by Dr. Jackie Briggs and that he took Lortab and Klonopin for his pain and anxiety. He underwent a brief course of psychiatric counseling but reported that he "just quit going." [AR 1037]. He admitted that while he had problems with alcohol in the past, he had not had a drink since the summer of 2003.

ALJ Chwalibog issued his decision on March 23, 2009. He found that the medical evidence established the following combination of severe impairments: "degenerative disc disease of the lumbar spine, post-traumatic stress arthritis of the right ankle, borderline intellectual functioning, an adjustment disorder, and a panic disorder (20 C.F.R. § 416.920(c))." [AR 567]. The ALJ found these impairments to be severe in combination within the meaning of the regulations, but not severe enough to meet or medically equal one of the impairments listed in Appendix 1 of 20 C.F.R. Part 404,

Subpart P.   [AR 569].   The ALJ found that Plaintiff was not disabled and that, while he was unable to perform his past work, he retained the residual functional capacity ("RFC") to perform a limited range of light work.   [*See* AR 571].

## II.   OVERVIEW OF THE PROCESS

The ALJ, in determining disability, conducts a five-step analysis:

1.   An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

2.   An individual who is not working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

3.   If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)," then he is disabled regardless of other factors.

4.   If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work.  If the claimant is able to continue to do this previous work, then he is not disabled.

5.   If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work.  If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994)(citing 20 C.F.R. § 404.1520 (1982)).   "The burden of

4

proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

## III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter,* 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching her conclusion. *See Landshaw v. Sec'y of Health & Human Servs.,* 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence is more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip,* 25 F.3d at 286.

## IV. ANALYSIS

**A. Because Plaintiff has failed to provide a sufficient basis for the Court to alter or amend its previous ruling regarding the completeness of the administrative record, his construed motion to reconsider will be denied.**

Plaintiff asks the Court to reconsider its previous ruling,

which denied Plaintiff's motion to remand his claim to the Social Security Administration based on an incomplete administrative record. [*See* DE 12]. The Federal Rules of Civil Procedure do not provide for motions to reconsider. Accordingly, the portion of Plaintiff's memorandum that asks the Court to reconsider its prior decision will be construed as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). *See Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir. 1979). Such motions are granted only where "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Trident Intern. Corp. v. Kentucky,* 395 F. Supp. 2d 521, 523 (E.D. Ky. 2005)(citing *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999)). Plaintiff fails to assert any of these grounds as a basis for his request that the Court reconsider its prior ruling. Rather, he repeats his prior arguments, which, at best, could suggest that reversal of the Court's ruling is necessary to prevent manifest injustice. Plaintiff's position, however, is unavailing. The bulk of Plaintiff's argument is focused on missing documents that were part of his 1994 application for disability benefits. Although Plaintiff was granted benefits based on his 1994 application, he was later determined to be no longer disabled and benefits were discontinued. While he appealed to the Appeals Council without success, he did not seek judicial review and, thus, the

6

Commissioner's decision became final. Accordingly, that application and its contents are not before this Court and the Court will not remand Plaintiff's case based on missing documents from Plaintiff's earlier application, which have little relevance to deciding Plaintiff's current claim.

> **B.  Because Plaintiff has failed to demonstrate that improper legal standards were employed with respect to the issue of bias, Plaintiff's motion for summary judgment on this ground will be denied.**

Stuart Gitlow, M.D. rendered an expert opinion regarding Plaintiff's mental health through the use interrogatories, which he answered on March 24, 2007, after having reviewed portions of the administrative record. Plaintiff argues that ALJ Chwalibog's reliance on Dr. Gitlow's medical opinion was improper because Dr. Gitlow is the half-brother of William Gitlow, the ALJ who denied Plaintiff's application for benefits on March 25, 2005. Plaintiff's argument fails because a careful review of the record, including ALJ Chwalibog's opinion and Dr. Gitlow's hearing testimony, reveals no evidence of actual bias. *See Schweiker v. McClure,* 456 U.S. 188, 195-97 (1982).

On August 29, 2008, after Plaintiff had voiced his concerns regarding the use of Dr. Gitlow's opinion, a hearing was held, during which Dr. Gitlow testified. Plaintiff had the opportunity to cross-examine Dr. Gitlow, who testified that, prior to that day's hearing, he had no knowledge of his half-brother's involvement in Plaintiff's case. [AR 1027]. Further, Dr. Gitlow's

answers to the interrogatories were rendered two years after ALJ Gitlow's unfavorable decision in Plaintiff's case. Dr. Gitlow testified that he had no discussion with anyone in ALJ Chwalibog's office prior to answering the interrogatories in question. *Id.* Mindful of Plaintiff's concern regarding bias, ALJ Chwalibog gave little weight to Dr. Gitlow's hearing testimony regarding Plaintiff's mental health and substance abuse history. He did, however, give great weight to the interrogatory responses, since he was satisfied that there had been no potential for bias when Dr. Gitlow answered the questions. Contrary to Plaintiff's argument that there was no explanation for utilizing the opinion of Dr. Gitlow, who lived in Rhode Island, ALJ Chwalibog's opinion states that Dr. Gitlow was the only medical expert with a specialty in substance addiction on the agency's roster for the Huntington Hearing Office. And while Plaintiff urges that 20 C.F.R. § 416.919q has been violated, this regulation actually relates to conflicts of interest between consultants and their practices. Here, there is no allegation of a conflict that had anything to do with Dr. Gitlow's medical practice.

Ultimately, an ALJ is in the best position to evaluate the credibility of witnesses. *See Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997). Based on the foregoing, ALJ Chwalibog's credibility determination with respect to Dr. Gitlow is supported by substantial evidence and, therefore, will not be

disturbed. *See id.* (ALJ's credibility determination is entitled to "great weight and deference."); *Smith v. Halter,* 307 F.3d 377, 379 (6th Cir. 2001)(ALJ's credibility assessment will not be disturbed "absent compelling reason.").

**C.  Because Plaintiff has failed to demonstrate that Defendant violated the rule of *Drummond v. Commissioner of Social Security,* his motion for summary judgment on this ground will be denied.**

In *Drummond,* 126 F.3d 837 (6th Cir. 1997), the Sixth Circuit Court of Appeals held that, absent evidence of improvement of a claimant's condition, a subsequent ALJ is bound by the residual functional capacity ("RFC") determination of a previous ALJ.  Here, Plaintiff argues that ALJ Chwalibog erred by assigning him a light exertional RFC when, in 1996, his RFC had been determined to be sedentary.  Plaintiff fails to recognize that his RFC was revised in 1999, when the Commissioner determined that he was no longer disabled and his SSI benefits were discontinued.  At that time, Plaintiff was found to have the RFC to perform light unskilled work.  [AR 394].  In the most recent opinion, issued by ALJ Chwalibog on March 23, 2009, Plaintiff was also found to have an RFC for light unskilled work.  Accordingly, to the extent Plaintiff argues that his RFC was modified without significant evidence of improvement in his condition, *Drummond* does not apply.

Additionally, Plaintiff argues that *Drummond* was violated when ALJ Chwalibog opined, in a June 2007 opinion, that Plaintiff could

lift/carry twenty to twenty-five pounds while the 2001 decision that he was no longer disabled stated that he could lift/carry a maximum of twenty pounds. ALJ Chwalibog's most recent opinion reflects, however, that the vocational expert was asked to assume an individual who was limited to occasionally lifting a maximum of twenty pounds. [AR 577]. Because the ALJ opinion purporting that Plaintiff could lift twenty-five pounds was reversed, that finding is not before the Court. The ALJ decision that is before the Court complies with *Drummond* without question, as the maximum lifting capability corresponds with that of the 2001 decision.

As a final matter, the Court notes that Plaintiff's counsel failed to include, in Plaintiff's motion for summary judgment or his supporting memorandum, a numbered list of his legal arguments. By failing to include such a list, counsel is in violation of the Court's Standing Scheduling Order for Social Security cases. *See* General Order 09-13 (Nov. 6, 2009) at DE 9. The only other motion to have been submitted by Plaintiff's counsel that was before the undersigned, since the enactment of the General Order, was deficient in the same manner. *See Banks v. Astrue,* Civil Action No. 10-cv-370-JMH, 2011 WL 3608027 (E.D. Ky. Aug. 16, 2011). While a failure to comply with this requirement may constitute grounds for a denial of Plaintiff's motion, the Court nonetheless considered the arguments that were evident upon the face of Plaintiff's motion. Counsel is directed to comply with the General

Order from here on in, however, as the Court may not be so generous with respect to future filings.

**V.    CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment, [DE 15], is hereby **DENIED** and Defendant's motion for summary judgment, [DE 16], is hereby **GRANTED.**

This the 12th day of April, 2012.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge