```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**SOUTHERN DIVISION at PIKEVILLE**

| | | |
|---|---|---|
| JERRY D. RILEY, | ) | |
| | ) | |
|     Plaintiff, | ) | Action No. 7:11-cv-71-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION AND ORDER** |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

                    \*\*    \*\*    \*\*    \*\*    \*\*

On April 12, 2012, the Court denied Plaintiff's motion for summary judgment and granted Defendant's motion for summary judgment, thereby affirming the Commissioner's adverse determination with respect to Plaintiff's application for Supplemental Security Income ("SSI"). [DE 17]. This matter is before the Court upon Plaintiff's motion for relief under Federal Rule of Civil Procedure 59(e). [DE 19]. The Defendant has filed a response, [DE 20], and this matter is now ripe for review. For the following reasons, the Plaintiff's motion will be denied.

This Court will grant a motion under Rule 59(e) only where the Court has committed a clear error of law, reconsideration is warranted based on newly discovered evidence or to accommodate an intervening change in the controlling law, or to otherwise

prevent manifest injustice.  *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005).  By rehashing his previous argument based on *Drummond v. Commissioner of Social Security,* 126 F.3d 837 (6th Cir. 1997), Plaintiff apparently contends that the Court committed a clear error of law in denying his motion for summary judgment.  As stated in this Court's prior opinion, however, Plaintiff's 1996 RFC of "sedentary" was abrogated by the Commissioner's 2001 decision in which Plaintiff was determined to have the RFC for light work.  While Plaintiff concedes that he did not seek judicial review of that decision, he contends that it is properly before this Court because, at the time of the decision, Plaintiff was unrepresented and had "mental impairment issues."  In so arguing, Plaintiff relies on Social Security Ruling 90-4(4), which "applies only to cases in which the claimant resides in Maryland, North Carolina, South Carolina, Virginia, or West Virginia."  The administrative record reveals that Plaintiff lived in Kentucky during the relevant time period, and Plaintiff does not contend otherwise. Further, SSR 90-4(4) requires claimants relying upon that ruling to present a prima facie case of mental incompetence, which Plaintiff failed to address in both his motion for summary judgment and his 59(e) motion.

  The Court now turns to Plaintiff's objections to the Commissioner's reliance on the interrogatory responses of Dr.

2

Stuart Gitlow, the half-brother of ALJ William Gitlow, who issued an adverse ruling on Plaintiff's SSI application in 2005. Contrary to Plaintiff's assertion, Dr. Gitlow's involvement in this matter does not amount to the "undeniable appearance of impropriety." This is especially evident when one considers the fact that ALJ Chwalibog gave little weight to Dr. Gitlow's hearing testimony because, at that point, Dr. Gitlow had obtained knowledge of his half-brother's prior involvement in Plaintiff's case. While Plaintiff may be convinced that "blood is thicker than water," it is unreasonable to speculate that Dr. Gitlow somehow communicated with ALJ Gitlow concerning events that transpired in Plaintiff's SSI claim two years prior, despite his apparently credible testimony that he had no knowledge of his half-brother's involvement in Plaintiff's case until the day of the hearing at which he testified. Further, the provisions relied upon by Plaintiff describe conflicts of interest between examining consultants and their practices and, therefore, are not applicable with respect to the use of Dr. Gitlow's opinion, as he did not examine Plaintiff and Plaintiff has alleged no conflict with respect to Dr. Gitlow's psychological practice. *See* 20 C.F.R. §§ 404.1519q, 416.919q. Additionally, while Plaintiff contends that the Commissioner improperly "cherry pick[ed]" Dr. Gitlow from outside the designated region for Plaintiff's application, he provides no

3

legal support for this contention, nor any facts or law that would indicate that the Court has misapplied the law or that manifest injustice has occurred.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for relief pursuant to Fed. R. Civ. P. 59(e), [DE 19], is hereby **DENIED.**

This the 24th day of May, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4